Martin, J.
The object of the plaintiffs is to obtain Mrs. Ware's share of the estate of N. Welsh, her father, which cannot be done without a partition : for this purpose the district court directed that an inventory and appraisement of the estate should take place. It appears that such an inventory had been made immediately after N. Welsh’s death, and that Thos. Welsh, his eldest son, one of the defendants, had taken on himself the management of the estate, with the consent of his co-heirs *431 of age, and among them Mrs. Ware, under the appellation of curator ad bona of the estate. His mother, the natural tutrix of the minor co-heirs, acquiesced in his administration.— M. Nutt, the husband of one of the heirs of age, had long before the death of N. Welsh, been put in possession of a tract of land, as an advancement, without any title in writing: afterwards Texada, the husband of another heir, received another tract, under the same circumstances.
West’n District.
Sept. 1821.
The district court decreed, that T. Welsh should account for all the crops made on the plantation of the estate, since it came to his hands, allowing him credit for all debts paid, and improvements ; that the value of the land in the possession of M‘Nutt and Texada, at the time of the last inventory, independently of improvements, should be collated by them, and that a partition be accordingly made by the parish court. The plaintiffs appealed.
Although, while all the co-heirs were present, and the minor ones represented by their tutrix, there could not legally be a curator ad bona. T. Welsh must be considered as the agent of his co-heirs, and as such accountable to them: he ought to be credited for all the *432 monies expended by him in the payment of the debts of the estate, and useful improvements.
Thomas for the plaintiffs, Baldwin for the defendants.
M'Nutt and Texada are bound to return, in kind, the property which they received from the deceased, as he never made any legal title to them; but they are entitled to the full value of all improvements made by them, and the debts due them by the deceased.
The decree ought therefore to be reversed, and the parties remanded before the court of probates, for a partition, according to the above principles. The costs of this appeal to be borne by the estate.